UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC TORRES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-00059-NAD |
| ALABAMA DEPARTMENT OF LABOR, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER DISMISSING
FOR LACK OF SUBJECT MATTER JURISDICTION**

On January 18, 2022, Plaintiff Eric Torres filed a *pro se* complaint against Defendant Alabama Department of Labor (DOL). Doc. 1. On May 11, 2022, Defendant DOL filed a motion to dismiss Plaintiff Torres' complaint. Doc. 10. For the reasons stated below, the court **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**BACKGROUND**

In its motion to dismiss, Defendant DOL argues that it is immune from suit, that Plaintiff Torres has not exhausted his administrative remedies, and that the court lacks subject matter jurisdiction over this action. Doc. 10 at 1.

The deadline for Torres to respond to DOL's motion to dismiss was May 25, 2022. Doc. 14 at 5 (initial order). That deadline passed without any opposition or

1

other response from Torres.

Consequently, on June 10, 2022, the court held a telephone status conference. *See* Doc. 18; Minute Entry (Entered: 06/10/2022).   After that telephone conference, on June 14, 2022, the court ordered Torres to file any response to DOL's motion to dismiss on or before June 24, 2022.   Doc. 19.   That deadline also passed without any opposition or other response from Torres.

The court held two additional telephone status conferences on July 19, 2022 (*see* Doc. 20; Minute Entry (Entered: 07/19/2022)), and on October 17, 2022 (*see* Doc. 21; Minute Entry (Entered: 10/17/2022)).   Torres did not appear for the telephone conference on October 17.

Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to magistrate judge jurisdiction.   Doc. 13.

## DISCUSSION

"Federal courts are courts of limited jurisdiction."   *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   A federal court "may not consider the merits of [a] complaint unless and until [the court is] assured of [its] subject matter jurisdiction."   *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013).   "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction."   *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

2

Federal subject matter jurisdiction is limited to "those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Generally speaking, "Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question." *Id.* Congress also granted the federal courts jurisdiction over certain claims against the United States as a defendant. *See* 28 U.S.C. §§ 1346, 1402.

Here, Plaintiff Torres' complaint appears to indicate that he alleges subject matter jurisdiction on all three of those bases. Doc. 1 at 3–4. But DOL is not the United States or one of its agencies or officers, so the court does not have subject matter jurisdiction on the basis of the United States as a defendant.

In addition, DOL is not a "citizen" of Alabama under 28 U.S.C. § 1332, so the court does not have diversity jurisdiction. *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) ("[I]t is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction . . . ." (citation omitted)); *Moor v. Alameda County*, 411 U.S. 693, 717 (1973); *Postal Tele. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894).

Furthermore, even liberally construing Torres' *pro se* complaint, there is no basis for federal question jurisdiction. The only allegation against DOL appears to be the suggestion that DOL wrongfully denied Torres' claim for unemployment

3

benefits. Doc. 1 at 3, 5. In relevant part, Torres alleges that he was eligible for unemployment benefits, but that he "never received payment." Doc. 1 at 5. Torres' allegations do not show that a federal law "creates the cause of action," or that his "right to relief necessarily depends on resolution of a substantial question of federal law." *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Consequently, Torres has not sufficiently alleged any basis for federal subject matter jurisdiction, and the court must dismiss this case without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citation omitted)); *accord McQueary v. Florida Child Support Enf't*, 812 F. App'x 911, 914–15 (11th Cir. 2020).

## CONCLUSION

For the reasons stated above, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The court separately will enter final judgment.

5

The Clerk is **DIRECTED** to serve on Plaintiff Torres a copy of this order.

**DONE** and **ORDERED** this November 7, 2022.

_____
 **NICHOLAS A. DANELLA**
 UNITED STATES MAGISTRATE JUDGE